PER CURIAM
**857 In Markley/Lutz v. Rosenblum , 362 Or. 531, 413 P.3d 966 (2018), we referred the ballot title for Initiative Petition 28 (IP 28) to the Attorney General for modification. The Attorney General has filed a modified ballot title, and the two sets of petitioners who challenged the original ballot title have challenged the modified title. We write to address one of their challenges.
IP 28, if enacted, would modify Article I, section 8, of the Oregon Constitution to permit either a legislative body or the people exercising their initiative power to regulate campaign contributions and expenditures. See id. at 533-34, 413 P.3d 966 (describing the proposed measure). In describing the subject matter of the proposed measure, the caption of the original ballot title explained that the measure would permit the "regulat[ion]" of campaign contributions and expenditures, which this court has held constitute expressive activity. See id. (setting out *14 original ballot title and describing previous decisions).
Among other things, petitioners challenged the ballot title's unqualified use of the word "regulate." They noted, and we agreed, that "the word 'regulate,' when used in the context of regulating expressive activity, can encompass a range of different types of regulations." Id. at 537, 413 P.3d 966. Regulation of contributions and expenditures could authorize only the disclosure and reporting of those activities, or it could go further and authorize substantive limitations on the permissible amount of contributions and expenditures. Id . We concluded that, "[b]ecause the measure does not identify the extent to which IP 28 would permit the regulation of campaign contributions and expenditures, we think that the caption should signal that 'regulate' is undefined and could encompass some or all of a range of regulatory measures." Id. at 537-38, 413 P.3d 966. We held that other parts of the ballot title that also used "regulate" without any qualification suffered from the same problem. See id. at 539, 541, 413 P.3d 966 (noting issue in the "yes" result statement and summary). For that and other reasons, we referred the ballot title to the Attorney General for modification.
**858 The Attorney General filed the following modified ballot title:
"Amends Constitution: Allows laws that 'regulate contributions and expenditures' made to 'influence the outcome of any election'
"Result of 'Yes' Vote: 'Yes' vote allows laws passed 'by initiative or by an elected legislative body by a three-fourths vote' that 'regulate contributions and expenditures' to influence elections.
"Result of 'No' Vote: 'No' vote retains Oregon Constitution's existing free-expression provision; laws limiting contributions to candidates or political committees by a person, corporation or union violate constitution.
"Summary: Amends Constitution. The Oregon Supreme Court has interpreted the Oregon Constitution's free-expression provision ( Article I, section 8 ) to prohibit limits on many political campaign contributions and expenditures. The proposed measure amends Article I, section 8 to allow laws that 'regulate contributions and expenditures' made to 'influence the outcome of any election' (quoted terms undefined). Such laws would need to be consistent with the federal constitution's free-speech provision and 'adopted or amended by initiative or by an elected legislative body by a three-fourths vote.' If amendment passes, Measure 47 (2006), which limited campaign contributions/ expenditures, established new reporting/advertising disclosure requirements for the sources and amounts of campaign contributions/expenditures, might be revived."
Petitioners object to the modified ballot title, arguing among other things that it fails to comply with our opinion because it does not signal that "regulate" is undefined.[1] We agree that the changes that the Attorney General made in the caption and "yes" result statement are not sufficient. For example, the modified caption includes two quoted phrases from the measure: "regulate contributions and expenditures" and "influence the outcome of any election." Beyond that, it does nothing to signal that the term **859 regulate is undefined. Placing the first phrase in the caption in quotation marks does not signal that regulate is undefined. Rather than focusing a reader's attention on the word regulate in that phrase or signaling that it is undefined, the caption simply subsumes that word in a larger phrase and diffuses any suggestion that the measure's use of the word regulate might be either limited or expansive.
We appreciate the difficulty that the Attorney General faces in trying to accurately describe the nuances of complex measures in a limited amount of words. However, we reiterate what we previously said: the caption and the "yes" result statement should state that the word regulate is undefined.
*15 Id. at 538, 413 P.3d 966. For example, the caption could say, "Amends Constitution: Allows laws that 'regulate' (undefined) contributions and expenditures made to influence elections." Similarly, if the word limits in the "yes" result statement pose an issue, an accurate paraphrase of some portions of the measure, which the "yes" result statement now quotes verbatim, should be sufficient to bring the statement within the applicable word limits, even when the word "undefined" is added to it. We have considered the other objections that petitioners have raised to the modified ballot title and reject them without further discussion.
The modified ballot title is referred to the Attorney General for modification.

Petitioners Markley and Hedbor argue that the modified ballot title is generally deficient in that respect without explaining why the summary, which provides more explanation than the caption and "yes" result statement, is deficient. Petitioner Lutz challenges the use of "regulate" in only the modified caption and the "yes" result statement.